IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 18, 2026**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HERITAGE RESOURCES-MARCELLUS MINERALS, LLC,**
**Petitioner**

**v.)**     **No. 25-ICA-144**   (Cir. Ct. Tyler Cnty. Case No. CC-48-2014-P-3)

**JB EXPLORATION I, LLC,**
**Plaintiff Below, Respondent**

**and**

**LEWIS C. WILSON, HENRY ALFRED THOMAS,**
**MAUDE D. THOMAS, THELMA W. THOMAS HITCHCOCK,**
**CALVIN W. THOMAS, JAMES C. THOMAS, MARY E. THOMAS,**
**RUTH E. THOMAS, HENRY A. THOMAS, SAFRONA C. THOMAS,**
**BERTHA E. THOMAS, SOPHRONA THOMAS, TOBIAS WESLEY THOMAS,**
**JAMES E. THOMAS, ABSALOM M. THOMAS, and the remaining**
**unknown heirs, devisees, successors, assigns and/or creditors**
**of any of the above and all other unknown persons or defendants**
**who own or claim to own an unleased interest (unleased to JB**
**Exploration I, LLC) in and to the oil and gas within and underlying**
**that certain tract or parcel of real estate situate on the waters of**
**Indian Creek, McElroy District, Tyler County, West Virginia,**
**said to contain 28.25 acres, more or less,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**

Petitioner Heritage Resources-Marcellus Minerals, LLC ("Heritage") appeals the Circuit Court of Tyler County's March 7, 2025, Order Denying Motion to Reopen Civil Action and Consolidate with Civil Action No. 24-C-17. The circuit court held that Heritage failed to file its motion to reopen within the seven-year statute of limitations outlined in West Virginia Code § 55-12A-9 (1986). JB Exploration I, LLC ("JB Exploration") filed a response.[1] Heritage filed a reply.

---

[1] On appeal, Heritage is represented by Michael C. Cardi, Esq., W. Taylor Frankovitch, Esq., and Ashlyn M. Dolly, Esq. JB Exploration is represented by Joseph G. Nogay, Esq., and Mike Seely, Esq. Frederick M. Dean Rohrig, Esq., was appointed guardian ad litem to represent the interests of unknown, missing, and abandoning mineral

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's order but no substantial question of law. For the reasons set forth below, a memorandum decision affirming in part and reversing in part is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Prior to 2014, JB Exploration leased 25% of the oil and gas estate underlying a 28.25-acre parcel of land located on the waters of Indian Creek, in the McElroy District, Tyler County, West Virginia ("Subject Tract").[2] On February 4, 2014, JB Exploration instituted Tyler County Civil Action No. 14-P-3 ("2014 Civil Action") by filing a Petition for Appointment of Special Commissioner for Sale, Execution and Delivery of Lease for Oil and Gas ("Petition") pursuant to West Virginia Code §§ 55-12A-1 to -10 (the "Unknown Heir Statute"). In the Petition, JB Exploration asserted that the owners of the Subject Tract's remaining 75% oil and gas interest were unknown or missing. The Petition was supported by a title opinion dated February 28, 2013, prepared by Alex Miller, Esq. Mr. Miller's title opinion states that of the remaining 75% oil and gas interest in the Subject Tract, 50% is owned by the heirs of Lewis C. Wilson and 25% is owned by the heirs of Henry A. Thomas.

Pursuant to West Virginia Code § 55-12A-5(d) (1986), the circuit court appointed Mr. Rohrig to serve as guardian ad litem "for the [d]efendants including any and all unknown, missing, infant or incompetent owners of the oil and gas interests described in the Petition and their unknown heirs, successors and assigns not known to be alive." In accordance with West Virginia Code § 55-12A-5(c), an order of publication was filed and published in the Tyler Star News on February 12, 2014, February 19, 2014, and February 26, 2014. The order of publication identified the unknown heirs of Lewis C. Wilson and Henry A. Thomas, as well as "ALL OTHER UNKNOWN PERSONS OR DEFENDANTS, who own or claim to own an un-leased interest in and to the oil and gas within and underlying" the Subject Tract. A lis pendens notice regarding the Subject Tract was also filed in the Tyler County Clerk's office in accordance with West Virginia Code § 55-12A-5(c).

Other than the answer of the guardian ad litem, no answer, responsive pleading, objections, or any other defenses or appeals were filed in response to the Petition or the circuit court's orders. As a result, on May 1, 2014, the circuit court entered an Order Appointing Special Commissioner for Sale, Execution and Delivery of Lease for Oil and Gas. This order appointed William Crichton, Esq., to serve as special commissioner and declared the ownership of the Subject Tract's oil and gas estate as 25% owned by Joseph

---

estate owners. Mr. Rohrig filed a Summary Response supporting the arguments made by JB Exploration.

[2] Joseph Boyd is the lessor of JB Exploration's 25% leasehold interest.

Boyd, 50% owned by the heirs, successors, and assigns of Lewis C. Wilson, and 25% owned by the heirs, successors, and assigns of Henry A. Thomas. The order also concluded that the heirs of Lewis C. Wilson and Henry A. Thomas were unknown or missing owners or abandoning owners within the meaning of the Unknown Heir Statute, and that JB Exploration "made a diligent effort to identify and locate the present unknown owners, missing owners and/or abandoning owners."

On August 7, 2014, the circuit court entered an order authorizing Mr. Crichton to sell, execute, and deliver leases for the 75% oil and gas estate possessed by the unknown, missing, or abandoning owners to JB Exploration. Thereafter, on August 14, 2014, Mr. Crichton executed a "Paid Up Oil & Gas Lease" with JB Exploration encompassing the 75% oil and gas estate of the Subject Tract owned by the heirs of Lewis C. Wilson and Henry A. Thomas.[3] According to the order on appeal, and not disputed by the parties, JB Exploration has leased the oil and gas estate conveyed by Mr. Crichton since August 7, 2014.

On January 22, 2025, Heritage filed a motion to reopen the 2014 Civil Action and consolidate it with Civil Action No. 24-C-17 (the "2024 Civil Action").[4] In its arguments to the circuit court, Heritage asserted that it owns an interest in the oil and gas estate underlying the Subject Tract, and that its interest was not properly recognized in the 2014 Civil Action. Specifically, Heritage argued that JB Exploration had actual knowledge of Heritage's ownership interest in the oil and gas estate of the Subject Tract during the pendency of the 2014 Civil Action because a prior deed conveyed in a tax sale referenced an oil and gas lease agreement dated March 1, 2012, between Heritage's predecessors-in-interest and JB Exploration, covering several tracts, including the Subject Tract. As a result, Heritage argued that it was not an unknown or missing owner or abandoning owner, and that the statute of limitations is inapplicable to owners who were known at the time of a special commissioner's lease conveyance. JB Exploration countered that Heritage's motion to reopen the 2014 Civil Action was filed after the statute of limitations set forth in the Unknown Heir Statute expired.

---

[3] A separate order dismissing the 2014 Civil Action was not provided in the appendix record. However, the circuit court's docket indicates that the circuit court, on September 4, 2014, entered an order confirming sale of leases to JB Exploration and dismissing the civil action.

[4] According to the record, the 2024 Civil Action was commenced by Heritage to quiet title and establish ownership of the hereinafter described oil and gas interest. The circuit court order on appeal makes no specific findings regarding the 2024 Civil Action. Further, the parties did not provide any pleadings or orders from the 2024 Civil Action in the appendix.

3

On March 7, 2025, the circuit court issued an Order Denying Motion to Reopen Civil Action and Consolidate with Civil Action No. 24-C-17. The circuit court concluded that "JB Exploration properly provided notice of the [2014 Civil Action] to the defendants named in the [2014 Civil Action] and all other unknown persons who claimed to hold an ownership interest in [the Subject Tract], including Heritage and/or its predecessors-in-interest." The March 7, 2025, order also found that all the requirements of the Unknown Heir Statute were met during the 2014 Civil Action, that the seven-year statute of limitations to reopen claims expired on August 7, 2021, and that Heritage's August 22, 2025, Petition was brought after the expiration of the seven-year statute of limitations. It is from the circuit court's March 7, 2025, order that Heritage appeals to this Court.

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." *Silver Creek Association, Inc. v. Irby*, 251 W. Va. 172, 175, 909 S.E.2d 844, 847 (Ct. App. 2024) (citations omitted).

Heritage assigns three errors to the circuit court's March 7, 2025, order. However, Heritage's second and third assignments of error are closely related, which we consolidate for our review.[5] According to Heritage, the circuit court erred in applying the seven-year statute of limitations in the Unknown Heir Statute because Heritage's ownership was known or reasonably knowable and, as a known interested party, the statute of limitations provisions of the Unknown Heir Statute do not apply to Heritage. At the very least, Heritage asserts that a question of fact remains whether it was known or reasonably knowable in 2014. Heritage's second and third assignments of error assert that constitutional due process required that it receive actual notice of the 2014 Civil Action because its ownership was known or reasonably knowable at the time, and that the circuit court erred in concluding the published notice in the 2014 Civil Action was sufficient notice.

JB Exploration responds that the lease memorandum referenced by Heritage which it claims provides notice of its ownership interest specifies eighty-seven different deeds, and that the deed in question did not provide actual notice of Heritage's interest in the Subject Tract. JB Exploration also argues that Heritage failed to file a motion to reopen the 2014 Civil Action within the seven-year statute of limitations.

The purpose of the Unknown Heir Statute is "to facilitate development of coal, oil, gas, and other minerals, as part of the public policy of the state, by removing certain barriers to such development caused by interests in minerals owned by unknown or missing owners

---

[5] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (permitting consolidation of related assignments of error).

or by abandoning owners." W. Va. Code § 55-12A-1 (1986). The Unknown Heir Statute authorizes persons with fee interests or lessees of persons with fee interests to petition the circuit court for appointment of a special commissioner to sell, execute, and deliver a valid lease of a mineral interest for an unknown or missing owner or an abandoning owner on terms and conditions customary in the area for the mineral interest to be leased. *See* W. Va. Code § 55-12A-4 (1986).

To initiate an Unknown Heir Statute proceeding, the petitioner must file a verified petition for appointment of a special commissioner containing facts showing that the petitioner is entitled to file the petition, the identification of the defendants and the mineral interest of each, a description of the tract of land which is the subject of the petition, the interest in the particular minerals sought, the nature of the proposed development of the minerals, the efforts to locate unknown or missing owners, the relinquishment by abandoning owners, if any, of any right to possess or enjoy their interest, and any other information known to the petitioner which might be helpful in identifying or locating the present owners. W. Va. Code § 55-12A-5(b). A petitioner must also attach to the petition as exhibits, a certified copy of the most recent recorded instrument of the interest to be leased, any other additional instruments that are necessary to show the vesting of title to the minerals, and a certified copy of any competing lease or easement of record. *Id*.

Defendants in an Unknown Heir Statute petition must be served personally, if possible, and a petitioner must also publish a Class III legal advertisement to notify any unknown or missing owners or abandoning owners of the Unknown Heir Statute proceeding. *See* W. Va. Code § 55-12A-5(c). A petitioner is required to file a lis pendens notice in the county clerk's office of the county where the mineral estate or larger portion thereof lies. *See id*. The circuit court must also appoint a guardian ad litem to protect the interests of any unknown, missing, or abandoning mineral interest owner. *See* W. Va. Code § 55-12A-5(d).

If all the requirements of West Virginia Code § 55-12A-5 are met, and the circuit court determines that the public policy interest of the Unknown Heir Statute is met and that the petitioner made diligent efforts to identify and locate any unknown or missing owners or abandoning owners, the court shall appoint a special commissioner to execute the sale and delivery of a lease covering the mineral interests sought in the petition. Any consideration and subsequent proceeds from the lease agreement must be delivered to the special receiver of the Court, "who shall hold and invest the same for the use and benefit of the unknown or missing owners or abandoning owners."[6] W. Va. Code § 55-12A-6(f).

---

[6] This Court does not have appellate jurisdiction over judgments or final orders in proceedings where relief sought includes certain specified extraordinary remedies including special receivers. W. Va. Code § 51-11-4(d)(10) (2024). However, although several sections of the Unknown Heir Statute refer to a special receiver, we find that this Court retains jurisdiction over this appeal. First, we note that the circuit court order on

Within seven years after the date of the special commissioner's lease, "any unknown or missing owner or abandoning owner of a mineral interest leased . . . may file a motion with the [circuit] court to re-open the action, and may thereupon present such proof as the court may deem necessary to establish the movant's identity and title to the mineral interest." W. Va. Code § 55-12A-6(g) (1986). If the court finds that the movant's identity and interest has been established, the court shall enter an order documenting the movant's title, assigning all future attributable proceeds to the movant, and directing the special receiver to pay the funds attributable to the movant's interests. *See id*. After the expiration of seven years from the date of the special commissioner's lease:

> no action may be brought by any unknown or missing owner or abandoning owner or any heir, successor or assign thereof either to recover any past or future proceeds accrued or to be accrued from the lease herein authorized, or to recover any right, title or interest in and to the mineral interest subject to the lease.

W. Va. Code § 55-12A-9 (1986).

Here, the circuit court determined that Heritage did not file its motion to reopen the 2014 Civil Action within the seven-year statute of limitations, and that Heritage and its predecessors-in-interest were unknown persons in 2014. To that end, the circuit court found that the special commissioner executed the lease at issue in the 2014 Civil Action on August 7, 2014, that the seven-year statute of limitations to reopen the 2014 Civil Action expired on August 7, 2021, and that Heritage filed its motion to reopen on January 22, 2025. Heritage does not deny that it failed to file its motion to reopen within the seven-year statute

---

appeal is premised on the Unknown Heir Statute and not West Virginia Code § 53-6-1 (1923), which provides courts the authority to appoint a special receiver as an extraordinary remedy. Specifically, West Virginia Code § 53-6-1 is limited to courts proceeding in equity. Unknown Heir Statute proceedings, however, are not equitable proceedings. A special receiver appointment in Unknown Heir Statute cases is an administrative requirement within a broader statutory scheme. JB Exploration did not petition the circuit court in 2014 for an extraordinary remedy but rather a legal remedy provided by statute. *See Shumard Found., Inc. v. UMB Bank, N.A.*, No. 24-225, 2025 WL 2614061, at *2 (W. Va. Sept. 10, 2025) (memorandum decision) (distinguishing a receiver appointed under Chapter 55 with the extraordinary remedy of a special receiver appointed under West Virginia Code § 53-6-1). Second, the circuit court order on appeal does not address any aspect of the special receiver appointment in the 2014 Civil Action; it solely addresses whether Heritage is entitled to reopen the 2014 Civil Action. Third, neither Heritage nor JB Exploration allege any error regarding the circuit court's appointment of a special receiver or the actions of the special receiver in the 2014 Civil Action. Accordingly, under these circumstances, we find that this appeal is not beyond this Court's jurisdiction.

of limitations. It argues that the statute of limitations is inapplicable to interests that were known or reasonably knowable at the time of any Unknown Heir Statute proceedings. According to Heritage, West Virginia Code § 55-12A-6(g) and § 55-12A-9 only reference "unknown," "missing," or "abandoning" owners. Therefore, as a known or reasonably knowable owner, the statute of limitations is inapplicable to Heritage.

Heritage's argument that it is entitled to reopen the 2014 Civil Action under the terms of the Unknown Heir Statute fails by the terms of the legislation. Heritage insists that it was a known or a reasonably knowable owner in 2014 and that Heritage was not and is not an unknown or missing owner or abandoning owner. West Virginia Code § 55-12A-6(g) by its terms solely contemplates reopening of an Unknown Heir Statute claim by unknown or missing owner or abandoning owners. Like the statute of limitations provision to which Heritage argues it is not subject (because it limits claims by missing or unknown owners or abandoning owners), the reopening provision of West Virginia Code § 55-12A-6(g) applies solely to missing or unknown owners or abandoning owners. In other words, to file a motion to reopen under the Unknown Heir Statute, Heritage must be an unknown or missing owner or abandoning owner. It cannot, at the same time, claim that it is *not* subject to the Unknown Heir Statute's seven-year statute of limitations applicable to unknown or missing owners or abandoning owners. Whether by way of the Unknown Heir Statute's reopening provision or its limitation period, Heritage is not entitled to relief under the statute.

For these reasons, the circuit court did not abuse its discretion when it denied Heritage's motion to reopen the 2014 Action because the reopening provision of West Virginia Code § 55-12A-6(g) is limited to those who were missing or unknown owners or abandoning owners, and Heritage's motion fell outside the filing timeframe in that section and the statute of limitations outlined in West Virginia Code § 55-12A-9. Accordingly, we affirm the circuit court's order denying Heritage's motion to reopen the 2014 Civil Action.

However, while Heritage necessarily acted as an unknown or missing owner for purposes of its motion to reopen, we agree with Heritage that the circuit court erred by resolving the disputed factual issue of whether Heritage was a known or unknown owner. The circuit court concluded, without factual findings or ordering further development, that Heritage was an unknown person in 2014. We agree with Heritage that the circuit court, by overclassifying Heritage as an unknown person, unnecessarily reached its conclusion without acknowledging that the issue of whether Heritage was known or unknown is currently being pursued in the 2024 Civil Action. Therefore, we find that the circuit court erred when it concluded that Heritage and its predecessors-in-interest were unknown or missing owners, and we reverse the circuit court's conclusion that Heritage was an unknown person in 2014. Specifically, the outcome of this appeal should not be applied as collateral estoppel on Heritage's claims in the 2024 Civil Action.

Heritage's second and third assignments of errors allege that the circuit court erred in concluding that published notice in the 2014 Civil Action was sufficient notice. Heritage argues that because it was a known or reasonably knowable person in 2014, constitutional due process required that it receive actual notice in 2014 of the 2014 Civil Action. While this may be the case, we decline to address Heritage's due process arguments in this appeal because Heritage admits that a factual dispute remains whether it was a known or unknown owner in 2014, and it is pursuing a remedy in the 2024 Civil Action. Heritage is pursuing the 2024 Civil Action as a quiet title action to decree ownership of the Subject Tract. Our holding is limited to the conclusion that, under the terms of West Virginia Code § 55-12A-6(g), Heritage's motion to reopen was untimely.

Accordingly, the circuit court's order of March 7, 2025, is reversed insomuch that it concluded Heritage was a missing or unknown owner in 2014. However, we affirm the circuit court's order denying Heritage's motion to reopen for the reasons set forth in this decision.

Affirmed, in part, and Reversed, in part.

**ISSUED:** February 18, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White